UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MELISSA BUTERA, as Mother and Natural
Guardian of Selena Zobrist,

**DECISION AND ORDER**
12-CV-51-A

v.

SOUTHWEST AIRLINES COMPANY,

Defendant.

This personal injury action is before the Court for review of a Report and

Recommendation of Magistrate Judge Hugh B. Scott recommending that the Court

grant a motion to remand the action to state court pursuant to 28 U.S.C. § 1447(c)

for lack of subject matter jurisdiction.  The only issue is whether the amount in

controversy between the parties exceeds the $75,000 threshold for the Court's

diversity jurisdiction in 28 U.S.C. § 1332(a).

In *Luo v. Michel,* 625 F.3d 772 (2d Cir. 2010), the Second Circuit held that  "a

plaintiff cannot seek to deprive a federal court of jurisdiction by reducing her demand

to $75,000 or less once the jurisdictional threshold has been satisfied."  *Id.* at 776.

That is what plaintiff Melissa Butera has tried to do in this case.  The plaintiff's

motion to remand is therefore denied.

**BACKGROUND**

Plaintiff Melissa Butera commenced this action in state court on behalf of her child and herself.  Plaintiff Butera alleges that, on August 11, 2011, in Tampa, Florida, defendant Southwest Airlines Company placed the plaintiff's child on a flight to Baltimore, Maryland, instead of on the non-stop flight to Buffalo, New York, that had been purchased for the child.  The child was later placed on a connecting flight to Buffalo from Baltimore, but was traumatized.

In a five-page letter addressed to an insurance company for defendant Southwest dated November 22, 2011, plaintiff Butera's counsel detailed her views of the August 11 misrouting of the child and demanded that defendant Southwest pay special damages on behalf of the child of $149,970.  No general damages were included in the demand.  No damages claimed to be due to the plaintiff herself were included.

A summons with notice and complaint were filed in the New York State Supreme Court on about December 6, 2011.  Pursuant to New York C.P.L.R. § 3107(c), the complaint alleged injuries — without seeking a specific amount of money — as "various injuries requiring medical treatment as a result of the trauma caused by placing the child on the wrong flight" suffered by the minor child and "for loss of friendship, society, and companionship" suffered by plaintiff Butera.

A notice of removal was timely filed by defendant Southwest on January 20, 2012.  After the action was removed to this Court, plaintiff Butera orally offered to settle the damages claims for $74,900.

**DISCUSSION**

It is well settled that the amount in controversy for diversity jurisdiction

purposes is determined at the time of removal.  *See, e.g., Luo v. Michel,* 625 F.3d

772 (2d Cir. 2010); *Vera v. Saks,* 335 F.3d 109, 116 n.2 (2d Cir. 2003).  Congress

amended 28 U.S.C. § 1446, effective January, 2012, to clarify law applicable to

removal of state court actions to federal court and to lend more common sense

flexibility and efficiency to the courts' task of determining the amount in controversy

when state court pleadings do not specify the amount in controversy.  *See Report of*

*the House Judiciary Committee,* H.R. Rep. No. 112-10, 112th Cong., 2d Sess., at

15-16.  The United States Supreme Court and the Second Circuit Court of Appeals

have fairly recently expressed their preferences for bright-line rules to minimize

wasteful litigation and gamesmanship during remand litigation.  *See, Hertz Corp. v.*

*Friend,* 130 S.Ct. 1181, 1193  (2010); *Moltner v. Starbucks,* 624 F.3d 34, 38 (2d Cir.

2010).

In light of these developments, not to mention the Second Circuit's holding in

*Luo v. Michel,* 625 F.3d 772, 776 (2d Cir. 2010), the Court finds that plaintiff Butera's

five-page pre-suit demand letter for $149,970 of special damages is sufficient to

prove by a preponderance of the evidence that the plaintiff put in controversy

$149,970 when she demanded it shortly before she filed the action in state court.[1]  If

---

[1]  Any suggestion in *Boeck v. Pacific Cycle, Inc., 2011 WL 98493* (W.D.N.Y.
2011), that a pre-suit settlement letter may never be cognizable evidence of the amount
in controversy is incorrect, particularly in light of Congress' 2012 amendment of 28
U.S.C. § 1446 adopting the preponderance of the evidence standard for proof of the
amount in controversy.

the plaintiff proves that her child needs the expensive mental health treatment

outlined in the letter because of trauma caused by negligence of the defendant, the

jury will award it to her.

Plaintiff Butera lowered her settlement demand to $100 below the

jurisdictional threshold to $74,900 after defendant Southwest filed its removal

petition.  The plaintiff's offer to compromise did not deprive the Court of jurisdiction.

The Supreme Court long ago stated:

> If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice . . . . [T]he plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election.

*St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 294 (1938), *accord, Luo*

*v. Michel,* 625 F.3d 772, 776 (2d Cir. 2010).  Because the diversity jurisdiction

threshold of $75,000 in controversy was exceeded at the time the action was

removed from state court, the plaintiff's motion to remand is denied.

## CONCLUSION

For the reasons that are stated above, the Court finds that the claims of

plaintiff Michelle Butera against defendant Southwest Airlines Company are

within the Court's diversity jurisdiction pursuant to 28 U.S.C. §1332 and that

removal of this action from state court pursuant to 28 U.S.C. § 1446, *et seq.,* was

proper.  Plaintiff's motion to remand the action is therefore denied.


      SO ORDERED.


                               *s/ Richard J. Arcara*
                               HONORABLE RICHARD J. ARCARA
                               UNITED STATES DISTRICT JUDGE

DATED: September 5, 2012